UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES SIMPSON,

                              **Plaintiff,**

  vs.                                                          9:18-CV-97
                                                                    (MAD/ML)

**DR. BUTT,** *Broome County Jail* **and BARRY HALL,**
*Health Services Administrator, Broome County Jail*,

                              **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**CONWAY & KIRBY, PLLC**                  **ANDREW W. KIRBY, ESQ.**
413 Kenwood Avenue
Delmar, New York 12054
Attorneys for Plaintiff

**STEINBERG, SYMER & PLATT, LLP**     **JONATHAN E. SYMER, ESQ.**
27 Garden Street
Poughkeepsie, New York 12601
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

     Plaintiff commenced this civil rights action in January 2018, asserting claims arising out of his confinement at Broome County Correctional Facility. *See* Dkt. No. 1. Specifically, Plaintiff claims that he was denied proper and adequate medical care in violation of his constitutional rights. *See id.* Upon initial review, the Court dismissed the Court dismissed Plaintiff's *Monell* claim brought against Broome County, but otherwise permitted the case to proceed. *See* Dkt. No. 10.

Currently before the Court is Plaintiff's motion *in limine* seeking to preclude Plaintiff's prior convictions at trial. *See* Dkt. No. 55.

## II. DISCUSSION

### A. Legal Standard

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.,* No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

### B. Rule 609

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1). In other words, the court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (citing Fed. R. Evid. 403). The district court has "wide discretion to impose limitations on the cross-examination of witnesses." *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002); *see also United States v. Brown*, 606 F. Supp.2d 306, 312 (E.D.N.Y. 2009) ("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense, . . . [or] the length of the sentence when its probative value is outweighed by its prejudicial effect").

In balancing probative value against prejudicial effect under this rule, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*, whether the crime, by its nature, is probative of a lack of *veracity*.'" *Brown*, 606 F. Supp. 2d at 312 (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted).

The Second Circuit has found that violent crimes "may bear so marginally on honesty or veracity, depending on the circumstances of those crimes, as to justify exclusion under Rule 609(a)(1)." *Estrada*, 430 F.3d at 621; *see also United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003) (discussing the Second Circuit's "inclination to preclude the discussion of a witness's prior commission of violent crimes because of such crimes' lack of relevance to the issue of the witness's veracity"). In fact, the Second Circuit has noted that "[m]urder generally is not a

3

crime of dishonesty, and nothing about the . . . murder suggested that it would in any way reflect on [the witness's] truthfulness." *Flaharty*, 295 F.3d at 191.

In the present matter, Plaintiff seeks to preclude introduction at trial evidence relating to his convictions for Attempted Assault in the First Degree, Assault in the Second Degree, and Criminal Possession of a Weapon in the Second Degree. Weighing the factors set forth above, the Court finds that the probative value of admitting the fact of conviction, the date of conviction, and the sentence imposed outweighs the prejudicial effect.

As to the first factor, although "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully[,]" *Estrada*, 430 F.3d at 617, "all Rule 609(a)(1) felonies are not equally probative of credibility." *Id.* Here, Plaintiff's convictions for assault and criminal possession of a weapon are not particularly probative as to honesty or veracity. Defendants argue that the assault convictions may encompass elements of dishonesty because "assaults encompass the element of causation of physical harm to another potentially in furtherance of other felonies such as robbery (by way of example)." Dkt. No. 70 at 2. Even assuming that Plaintiff was convicted under the section the New York Penal Law defining assault as causing physical injury to another in the course of and in furtherance of the commission of a felony, *see* N.Y. Penal Law § 120.05(6), Defendants' argument is without merit. Even under Defendants' example, courts have routinely found that the crime of robbery is not particularly probative as to honesty and veracity. *See Brisman v. Volpe*, No. 9:15-cv-466, 2018 WL 3691236, *2 (N.D.N.Y. Aug. 3, 2018) (citations omitted).

As to the second factor, Plaintiff committed the crimes at issue in early 2017 and was sentenced in 2018. Further, these crimes were the reason that Plaintiff was housed in the Broome

4

County Jail when the alleged deliberate indifference occurred. As such, the Court finds that the second factor weighs in Defendants' favor.

The third factor "'deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is.'" *Ramos v. Trifone*, No. 3:11-cv-679, 2015 WL 6509114, *4 (D. Conn. Oct. 28, 2015) (quotation omitted). Again, this factor weighs in Defendants' favor because Plaintiff's claim of deliberate indifference to a serious medical need bears no resemblance to the convictions at issue.

Finally, the fourth factor, the importance of the credibility of the witness, weighs in favor of admitting the convictions. It is undisputed that Plaintiff's credibility will be a central issue in this case.

Based on the foregoing considerations, the Court finds that the probative value of the fact of Plaintiff's felony convictions, as well as the date and the sentence imposed, outweighs the prejudicial effect of the evidence. However, the probative value of the name and nature of the convictions is substantially outweighed by the danger of unfair prejudice. Accordingly, evidence as to the date of Plaintiff's felony convictions and the sentence imposed is admissible; the name and nature of the convictions are not. *See Thousand v. Corrigan*, No. 9:15-cv-1025, 2015 WL 4480185, *5 (N.D.N.Y. Oct. 6, 2017) (citing cases).

### III. CONCLUSION

After carefully considering the entire record in this matter, the parties submissions and the applicable law, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 22, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge